UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

- - - - - - - - - - - - - - - - - - -x

In re: :

BRUSHY BROOK DEVELOPMENT COMPANY, LLC: BK No. 05-13009
Alleged Debtor Chapter 7 Inv.

- - - - - - - - - - - - - - - - - - -x

**ORDER DENYING ALLEGED DEBTOR'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

APPEARANCES:

Theodore Orson, Esq.
Attorney for Alleged Debtor
ORSON AND BRUSINI LTD.
55 Dorrance Street, Suite 400
Providence, Rhode Island 02903

John Boyajian, Esq.
Attorney for Petitioning Creditors
BOYAJIAN HARRINGTON & RICHARDSON
182 Waterman Street
Providence, Rhode Island 02906

BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge

BK No. 05-13009

Heard on January 25, 2006, on the sole legal question of whether an insider can be a petitioning creditor under 11 U.S.C. § 303(b)(2) when the alleged debtor has fewer than twelve creditors. For the reasons argued by the Petitioning Creditors in their brief, Doc. #80, and made on the record during oral argument, which I adopt and incorporate herein by reference, I answer the question in the affirmative, and rule that an insider may be a petitioning creditor when the alleged debtor has fewer than twelve creditors.[1] Accordingly, the Alleged Debtor's "Motion for Partial Summary Judgment" is DENIED.

Dated at Providence, Rhode Island this 26th day of January, 2006.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 1/26/2006

[1] In addition to our ruling based on the petitioning creditors' arguments, I also disagree with the Alleged Debtor's interpretation of the statute, that Congress intended that the transferee of an avoidable transfer be excluded as a petitioning creditor in cases where there are fewer than twelve creditors. It would be difficult to imagine an instance where such a transferee would ever aspire to being a petitioning creditor in an involuntary bankruptcy, and therefore, conclude that Congress did not intend to provide the exclusion proposed by the Alleged Debtor.